[L. A. No. 524.  Department Two.—March 24, 1899.]

JOSEPH H. SPIRES, Respondent, v. MAX URBAHN et al., Appellants.

SPECIFIC PERFORMANCE—UNILATERAL CONTRACT—EXECUTED CONSIDERA-
TION—MUTUALITY.—A contract to deed a right of way and certain
specified land for an electric railway within thirty days after
it has been built and in operation on the right of way within a
time and in a manner specified, may be specifically enforced
after compliance with its terms by the promisee, notwithstand-
ing the absence of mutuality in the contract until the road was
built.  In such case, the completion of the work is an executed
consideration, sufficient to give mutuality to the contract, though
it was unilateral at first.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Lucien Shaw, Judge.

The facts are stated in the opinion.

Walter F. Haas, for Appellants.

John D. Pope, and Hartley Shaw, for Respondent.

PRINGLE, C.—Action brought to enforce the performance
by the defendants of the following contract:

"The undersigned hereby agrees to deed to J. H. Spires, or
assigns, as a right of way for an electric railway, the south thirty
feet of my seventeen and one-half acre tract, in section 35, town-
ship 1 south, range 14 west, S. B. M., Los Angeles county, Cali-
fornia.

"Said right of way to be deeded to said Spires, or assigns, with-
in thirty days after an electric railway has been built and in
operation on said right of way, permission being hereby granted.

"Provided said road shall be built and in operation by July 1,
1897.

"Provided said road shall give through transportation between
the business center of the city of Los Angeles and Santa Monica,
California.

"I further agree that if said Spires, or assigns, shall build and
operate said road as above, that I will deed to said Spires, or as-
signs, free of encumbrance, within thirty days after said road is
built and in operation, the following described property:

"One and one-half acres of land off my said seventeen and one-half acre tract, et cetera.   [Description.]

"FRANZISKA C. GOTTLEBER,
"J. H. SPIRES.

"Witness:

"Isidore B. Dockweiler."

The complaint alleges that Spires, plaintiff's assignor, built and put in operation an electric road in pursuance of the agreement and within the time limited.   And the court found the allegations of the complaint to be true.   The point contended for by the appellant is that there was no consideration for the contract, no obligation to build the road having been assumed by Spires, and hence there was no mutuality in the contract.   It is now too well settled to permit of controversy that in such cases the completion of the work is an executed consideration which is sufficient to give mutuality to the contract.   It is true that there was no mutuality until the road was built.   But when the offer of the contract was accepted by the performance of its condition, it was too late to deny the consideration.   These contracts have become familiar as stimulants to the construction of railroads and other public works, the inducement to the promisor, whether expressed or presumed, being the probable enhancement of the value of property by the construction.   That such contracts or mere offers, unilateral at first, may be enforced when mutuality is secured by an executed consideration, is sustained upon well-recognized principles.   The consideration takes its strongest form when it is executed.   The question was lately under consideration in this court in the cases of *Thurber v. Meves,* 119 Cal. 35, and *Sayward v. Houghton,* 119 Cal. 545.   In the latter case it was said: "An original lack of mutuality in the right to specific performance will not preclude the enforcement of the contract where this want has been removed at the time the action is brought."   The case of *Cooper v. Pena,* 21 Cal. 404, is cited by appellant.   That case is reviewed in *Vassault v. Edwards,* 43 Cal. 458, and it is shown that the ruling in *Cooper v. Pena, supra,* is not at variance with the principle stated above.

In the case of *Wilks v. Georgia Pac. R. R. Co.,* 79 Ala. 180, a contract essentially the same as the present one is considered by the court, and the objection of want of mutuality meets

with scant favor from the court, which said: "There is nothing in this objection."

I advise that the judgment appealed from be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Temple J., Henshaw, J.