[L. A. No. 1286.    Department One.—May 27, 1904.]

ARTHUR G. NASON and ADA WARD NASON, Appellants, v. DONALD H. LINGLE, EUNICE N. LINGLE, and JOHN C. WILDEY, Respondents.

CONTRACT TO EXCHANGE LAND—SEPARATE PROPERTY OF WIFE—ORAL AUTHORITY TO HUSBAND—STATUTE OF FRAUDS.—A written contract by the husband, made by oral authority of the wife, to exchange the wife's separate property for other land, is void, as being unauthorized by law, under the statute of frauds.

ID.—TRANSFER OF OTHER LAND.—The contract being unauthorized, the owner of the other land could not enforce it, and had a right at any time prior to a legal ratification of the contract by the wife to transfer it, and might make a gift thereof to his wife through the intervention of a third party to whom he conveyed it.

ID.—TENDER OF DEED BY WIFE—SPECIFIC PERFORMANCE—CONSTRUCTION OF PLEADING—DEMURRER.—Where the wife tendered a deed and brought suit for specific performance after the lapse of about eight months from the date of the contract, and alleged in her amended complaint, to which a demurrer was sustained, that such tender was made before suit, and that before suit the defendant transferred the property, to defraud the plaintiff, the pleading is to be construed most strongly against the pleader, and assuming without deciding that the tender of the deed was a ratification, it must be presumed that the property was transferred by the defendant prior to such tender.

ID.—MUTUALITY OF REMEDY—RULE INAPPLICABLE.—The general rule of mutuality of remedy being sufficient against the party sought to be charged cannot apply when such party has properly withdrawn from the contract before suit, or, by transferring the property before suit, has put it out of his power to perform.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

Withington & Carter, for Appellants.

The demurrer should have been overruled. It is sufficient that the agreement was signed by the party sought to be

charged.    (*Justice* v. *Lang,* 42 N. Y. 493;[1] *Cavanaugh* v. *Casselman,* 88 Cal. 543; *Vassault* v. *Edwards,* 43 Cal. 458; *Rutenberg* v. *Main,* 47 Cal. 213; *Easton* v. *Montgomery,* 90 Cal. 307, 312;[2] *Scott* v. *Glenn,* 98 Cal. 168; *McDonald* v. *Huff,* 77 Cal. 279; *Crutchfield* v. *Donathon,* 49 Tex. 691;[3] Fry on Specific Performance, secs. 291-292; 2 Kent's Commentaries, pp. 510, 511.)    The filing of the bill for specific performance makes the remedy mutual.    (*Vassault* v. *Edwards,* 43 Cal. 465.)    The contract was ratified by the tender of the deed by the wife in writing before suit, and by the commencement of the suit.    (Story on Agency, 9th ed., sec. 259, and note; *Scott* v. *Glenn,* 98 Cal. 169.)    A written contract may be accepted orally by words or acts.    (Fry on Specific Performance, secs. 291-293; *McDonald* v. *Huff,* 77 Cal. 282-283; *Cavanaugh* v. *Casselman,* 88 Cal. 543, 551, 552.)

J. Wade McDonald, for Respondents.

There must be mutuality of obligation to sustain a specific performance.    (Civ. Code, secs. 3384, 3386.)    The rule of mutuality of remedy was repealed by the repeal of section 3385 of the Civil Code.    An oral authorization of a written contract to sell land confers no authority.    (Civ. Code, secs. 1626, 2309; *Duffy* v. *Hobson,* 40 Cal. 241;[4] *Salfield* v. *Sutter County etc. Co.,* 94 Cal. 548, 549.)    Ratification of an unauthorized contract binds the principal, but does not bind the adverse party, unless he consent to be thus bound.    (Mechem on Agency, sec. 179; *Dodge* v. *Hopkins,* 14 Wis. 630; *Wittenbrock* v. *Bellmer,* 57 Cal. 12.)

CHIPMAN, C.—Specific performance of an alleged contract for the exchange of certain real property.    Defendants demurred to the third amended verified complaint for insufficiency of facts and for uncertainty.    The court sustained the demurrer as to the first ground and overruled it as to the second.    Plaintiffs declined to amend, and judgment passed for defendants, from which plaintiffs appeal.

Plaintiffs are husband and wife.    The complaint alleges title in plaintiff Ada Ward Nason to certain described land situated in San Diego County, California, on or about March 1,

[1] 1 Am. Rep. 576, 581.

[2] 25 Am. St. Rep. 123.

[3] 30 Am. Rep. 112.

[4] 6 Am. Rep. 617.

1901; that defendant Donald H. Lingle had title at the same time to certain described land in Jackson County, Missouri; that on or about March 8th, plaintiff Arthur Nason, "acting for and by and with the consent of his co-plaintiff, Ada Ward Nason, offered in writing to exchange said property in California for the said property of the defendant, Donald H. Lingle, situated in Missouri, and the said Lingle then and there accepted said proposition and agreed in writing to and with the said Arthur G. Nason, plaintiff herein, to make a good and sufficient deed for the said property in Missouri, conveying title thereto, subject to a mortgage of $2,000 thereon, and to accept a conveyance of the said property in California, and to give a mortgage for a like sum thereof [thereon?] as a part of the purchase price of the same"; that the said Arthur Nason "was orally authorized and empowered to make such contract for and in relation to said property in California by his co-plaintiff, Ada Ward Nason, and the proposition so made and accepted as aforesaid by the said Arthur G. Nason, was so made and accepted by and on behalf of the said co-plaintiff, Ada Ward Nason, and not for himself," and that said Donald Lingle knew that said Arthur was acting in behalf of said Ada. It is further alleged that "in pursuance of said contract plaintiffs executed a deed conveying a good and sufficient title to said property in California to said defendant Lingle and tendered the same to him and demanded of him a like deed of said property in Missouri, conveying a good title to plaintiff, Ada Nason; that the said tender and demand were made prior to the institution of this suit, and the said demand was made after the tender of said deed." (When plaintiffs' said deed was made and tendered and when said demand was made does not appear, further than that these facts occurred before the commencement of the suit.) The amended complaint was filed December 2, 1901. The date of filing the original or either of the other amended complaints does not appear. It is next alleged that prior to the commencement of the suit the said defendant Donald Lingle conveyed the said Missouri property to defendant Wildey (date of this conveyance is not stated); "that said conveyance was without consideration and executed voluntarily by the said Lingle with the design to hinder, delay, and defraud plaintiffs in any action they might

institute touching said property," and that said Wildey took said property in trust for said Lingle; "that thereafter, on the same day" (date not given), "the said Wildey and his wife executed an alleged conveyance without consideration, at the instance of said Donald H. Lingle of the said property to defendant Eunice N. Lingle, . . . the wife of said Donald H. Lingle, for the like purpose of hindering, delaying, and defrauding plaintiffs in said action."

When plaintiff Arthur Nason contracted to make the exchange the property was the separate property of his wife, Ada. The only authority he had to deal with it was oral, and in law was no authority at all. (Civ. Code, secs. 1624 (subd. 5), 2309; *Salfield* v. *Sutter County etc. Co.*, 94 Cal. 546.) No time is alleged within which the exchange was to be made. So far as appears nothing stood in the way of the act being performed within a reasonable time. (Civ. Code, sec. 1657.) Subsequent ratification by Mrs. Nason is claimed as resulting from her tender of deed to defendant Donald Lingle. Whether that act would constitute ratification under section 2310 of the Civil Code need not be decided. The complaint fails to show that such tender, if it can be treated as ratification, was made before Lingle had conveyed his property to Wildey, and the latter had conveyed to Lingle's wife. The contract was made March 8, 1901. The amended complaint was filed December 2, 1901. The tender of deed to Lingle, it is alleged, was prior to the commencement of the suit, and the same allegation is made as to the time when Lingle conveyed to Wildey and the latter to Lingle's wife. The pleading must be construed most strongly against the pleader (*Green* v. *Covillaud*, 10 Cal. 317;[1] *De Castro* v. *Clark*, 29 Cal. at p. 17; *Hays* v. *Steiger*, 76 Cal. 555); and the presumption therefrom is, that the alleged tender of the deed and demand by plaintiffs were after title had passed to Lingle's wife, and it may have been months after.

The contract, therefore, was one that Lingle was under no legal obligation to recognize, and one the specific performance of which he could not enforce at the time he conveyed his property. It is true the conveyance was without consideration and to his wife, and at best was but a gift. But Lingle having no rights under the contract which could be

[1] 70 Am. Dec. 725.

enforced by him on Mrs. Nason's property, and Nason having no authority to make the contract, and therefore no claim which he could enforce upon Lingle's property, the latter had the right to make a gift of his property to his wife.

Appellants claim that to take the case out of the statute of frauds the agreement need only be signed by the party to be charged (citing numerous cases) ; and that though as a general rule an agreement to be binding must be mutual, the rule applies only to the remedy, and not to the contract, it being sufficient if the remedy is mutual, and that the commencement of the action by the party who has not signed makes the remedy mutual. (Citing *Vassault* v. *Edwards,* 43 Cal. 458, at p. 465.) The court there said: That although the contract on principle should be mutual, "the courts, however, in view of the uniform construction of the statute of frauds, that the agreement was valid and binding upon the party by whom it was signed, and in order to work out the requisite mutuality, held that in such cases it was sufficient if the *remedy* was mutual. It was accordingly held from an early day that when the action for specific performance was instituted by the party who had not signed the agreement, the act of filing the bill made the remedy mutual." (Citing cases.) Mr. Pomeroy says that the reason commonly given for this rule, which is, that by commencing the suit the party who has not signed waives all objection to the absence of mutuality and makes himself liable on the contract, is not entirely satisfactory, and that the rule is disputed by some courts. He adds that it was arbitrarily laid down by the earlier decisions which interpreted the statute, and has been followed by the great majority of subsequent cases. (Pomeroy on Specific Performance, sec. 170, and notes.) The rule, however, certainly can have no application where the party who did not sign the contract failed to bring his action until after the other party to the contract had withdrawn from it, or had conveyed the property the subject of the action, and could no longer perform.

In the recent case of *Hay* v. *Mason,* 141 Cal. 722, the action was for damages for breach of a unilateral contract signed by Mason to exchange land. The option was "irrevocable for fifteen days and good thereafter until withdrawn." Plaintiffs tendered a deed after the fifteen days had expired, but

not until after defendant had given notice of his withdrawal shortly after the expiration of the fifteen days. The court said: ''There was no agreement or memorandum of any kind signed by plaintiffs as to the land to be by them conveyed to the defendant. It is therefore evident that at no period of time prior to the making and tender of the deed by plaintiffs, could either party have enforced specific performance of the contract.'' Assuming that the rule would be the same in the exchange of property as where money was to be paid, the court said: ''If we give the plaintiffs the full benefit of the rule, yet they cannot recover in this case.''

It is advised that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Shaw, J., Angellotti, J., Van Dyke, J.