[L. A. No. 1591.   Department One.—February 15, 1905.]

SAMUEL M. BIRD, Respondent, v. THOMAS McDANIELS
POTTER, Appellant.

SPECIFIC PERFORMANCE—UNILATERAL CONTRACT—TIME NOT OF ESSENCE
—TENDER OF PURCHASE MONEY—MUTUALITY OF REMEDY.—A uni-
lateral contract acknowledging receipt of a deposit as part of the
purchase price of a lot of land specifically described, and setting
out the purchase price in full, signed by the owner of the land,
without any written agreement by the purchaser to pay the pur-
chase price, becomes binding upon a tender of the residue of the
purchase price after a delay of several months, where time was
not of the essence, and the option was unrevoked.   Such tender
made the remedy mutual, and entitles the purchaser to enforce a
specific performance.

ID.—ADEQUACY OF CONSIDERATION—PRICE EXPRESSED—FAIR AND JUST
CONTRACT—FINDINGS.—The price expressed in the contract must be
deemed an adequate consideration; and findings that that sum, at
the time of the contract, was the reasonable value of the lot, and
that the contract was and is fair and just, and that the purchase
price expressed was tendered and refused, sufficiently bears upon
the issue whether defendant received an adequate consideration.

ID.—SUPPORT OF FINDINGS—PAROL EVIDENCE—AGREEMENT TO BUILD
HOUSE—IMMATERIAL QUESTION.—Where the court found against
the defendant upon all the material issues, and the findings were
supported by the evidence, it is an immaterial question whether
evidence of an oral agreement to build a house was admissible for
the defendant, the findings being against the existence of such
oral agreement.

APPEAL — ARGUMENT — ERRORS NOT IDENTIFIED. — Alleged errors not
identified, nor discussed in the briefs of counsel, will not be con-
sidered.

APPEAL from an order of the Superior Court of Los
Angeles County denying a new trial.   D. K. Trask, Judge.

The facts are stated in the opinion.

H. S. Rollins, for Appellant.

George L. Keefer, for Respondent.

COOPER, C.—This action was brought to enforce specific
performance of a written contract for the sale of real estate.

The court filed findings upon which judgment was entered for plaintiff.  Defendant made a motion for a new trial, which was denied, and now prosecutes this appeal from the order denying his motion.  He claims that the evidence is insufficient to justify the judgment and decision, and that certain errors of law occurred during the trial to his prejudice.

The contract upon which the action depends is as follows:—

"LOS ANGELES, CAL., May 16, 1902.

"Received of Samuel M. Bird five dollars as deposit and part of the purchase price of lot twenty-one, block 'D' of the Potter's Woodlawn Tract.  Full purchase price to be $450.00.  This deposit is taken subject to the approval of the owner.

"W. I. HOLLINGSWORTH & CO.
"THOMAS McD. POTTER."

The name of the owner, Thomas McD. Potter, was signed to the contract after it had been first signed by his agent, W. I. Hollingsworth & Co.  The five dollars was paid by plaintiff at the time the writing was given to him.

It is claimed by appellant that he never received an adequate consideration for the contract; that it was not binding upon plaintiff, because he did not agree to pay the $450 for the lot, and hence, the contract not being mutual, cannot be enforced in a court of equity.  The claim is without merit.  The contract is in writing, subscribed by the party to be charged, describes the land to be conveyed, and names the consideration for which defendant agreed to convey.  Time is not made the essence of the contract.  No demand was ever made by defendant for the balance of the purchase price, and the court finds that "on the 10th day of December, 1902, plaintiff offered to said defendant, Thomas McDaniels Potter, the sum of $445, in U. S. gold coin," and demanded of said defendant a deed for said lot, and that defendant refused to accept the said $445, or to give plaintiff a deed for said lot.  This finding is supported by the evidence, and not questioned.  If the amount named as the purchase price was not adequate, the defendant should have so determined in his own mind before he signed the contract, but having signed it and stated the amount for which he would sell the lot, he must live up to it.  Any other rule would make the contract worthless and mere waste paper.  Defendant knew the meaning of it when he signed it, and the price for which he agreed to sell the lot.

It is true that the contract was not mutual, as plaintiff did not agree to purchase, but the remedy became mutual upon the tender of the performance by plaintiff. It is not necessary to refer to the many decisions in support of the above principle, because it is the rule laid down in section 3388 of the Civil Code, which reads: "A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance."

In this case the plaintiff has offered to perform it on his part, and the case is certainly a proper one for enforcing specific performance.

The rule is correctly stated in *Hay* v. *Mason*, 141 Cal. 723, where it is said: "If the option, or offer to convey, by defendant had been for a price named, although unilateral and signed by defendant only, it would have been binding upon him, if subsequently, and prior to its withdrawal by defendant, plaintiffs acted upon it, and tendered the price to be paid. In such case the contract or offer, although not mutual when first signed by defendant, would have become so by the price being paid or tendered." That case was cited with approval and the same rule recognized in *Nason* v. *Lingle*, 143 Cal. 367.

Appellant also claims that there was an independent verbal agreement made at the time of the writing to the effect that defendant was to construct a house for plaintiff upon the lot, and that the house and lot were to be sold together.

If it be conceded that such evidence of an oral contract was admissible, it is sufficient that the court found that no agreement was made by plaintiff and defendant "concerning the building of a house for plaintiff; and that there was no definite or certain promise made by plaintiff to said defendant or to any one for him concerning the building of said house." This finding is supported by the evidence. Other findings are questioned, and we have examined them and find that so far as material they are supported by the evidence. The court found upon all the material issues.

The appellant in his brief, under the heading "Errors of law occurring at the trial and excepted to by defendant," says: "The errors here designated (fols. 189-194) we will submit to the court for consideration upon the argument and

citations heretofore made. The questions of the defendant to which objections were sustained were each, under the pleadings, competent, relevant, and material, which were the grounds of the objections made to them.''

The questions and rulings are in no other way pointed out, nor discussed. By turning to the transcript (fols. 189-194) we find four questions and rulings specified as error, with a reference to the folio and page where each can be found. We have looked at the folio and page referred to in each case and do not find any one of the questions. We have not the time nor the inclination to make an independent search of the record in order to find such questions and rulings. (*People* v. *McLean,* 135 Cal. 309; *People* v. *Cebulla,* 137 Cal. 318.)

Appellant claims ''that no finding is made upon the issue that defendant never received any adequate consideration for the alleged agreement.''

The court found ''that at that time, namely the 16th day of May, 1902, the said sum of $450 was the reasonable value of said lot; and that the said contract was and now is fair and just.'' It is admitted that plaintiff paid defendant five dollars and tendered him $445, which he declined. It is thus shown that defendant declined to receive ''the adequate consideration'' for which he agreed to sell the lot. The judgment protects defendant's rights, as it directs a deed to be executed and delivered to plaintiff, upon payment ''of said sum of four hundred and forty-five dollars and interest thereon at the rate of seven per cent per annum from the 10th day of December, 1902.''

It follows that the order should be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.