[Civ. No. 461.   Second Appellate District.—March 17, 1908.]

## OSCAR LEUSCHNER, Appellant, v. CHRISTINA J. DUFF, Respondent.

SPECIFIC PERFORMANCE—UNILATERAL CONTRACT TO SELL—WITHDRAWAL OF OFFER—FINDINGS AND DECREE—RETURN OF SMALL CHECK.— Although a unilateral contract to sell land signed by the vendor is sufficient to satisfy the statute of frauds, and might be enforced if fully performed by the purchaser, or if performance was fully tendered before rescission of the contract, provided the consideration was fair and adequate, yet, where the court finds that the consideration was not fair or adequate, and that the only consideration received by the vendor was an uncashed check for $10, which was tendered back on the same day it was received, and that the offer to sell was then withdrawn before any other performance or offer of performance was tendered by the vendee, and that the property had not increased in value, the court properly refused to decree a specific performance, and properly decreed merely a return of the uncashed check to the vendee.

ID.—REMEDY OF PLAINTIFF AT LAW—POWER OF COURT OF EQUITY.— The vendee, after the withdrawal of the offer and the tender back of the uncashed check, was not entitled to a specific performance, and was left to his remedy at law for the relief to which he was entitled. Nevertheless, the court of equity, having jurisdiction of the subject matter of an action for a specific performance, had jurisdiction, though denying the specific performance, to award complete relief between the parties by decreeing the return of such check.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Edw. F. Wehrle, and C. H. Bretherton, for Appellant.

Galbreth & Bryson, for Respondent.

TAGGART, J.—Action to compel specific performance of a unilateral agreement to execute and deliver a contract of sale of real estate. Plaintiff appeals from a judgment in

favor of defendant and from an order denying his motion for a new trial.

The writing relied upon to satisfy the requirements of the statute of frauds is set out in the complaint, and is in the words and figures following, to wit: ·   ·

"Los Angeles, Cal., Nov. 13, 1905.

"Received from Oscar Leuschner ten dollars on part payment lot 30, block E, of West Los Angeles Tract, lot on N.W. corner Figueroa St. and 39th.  65 or more by 130.  Price $800.00; $190 more on contract delivery; $25.00 per month, interest 6 p. c.

"$10.                    CHRISTINA J. DUFF."

The sufficiency of the writing to satisfy the statute is not questioned by respondent; and although this matter is presented by appellant as if the judgment of the court rested upon the theory that the writing was not sufficient for this purpose, we find nothing in the findings to justify this assumption.

Accepting it as sufficient for this purpose, it does not follow necessarily that it is a contract the specific performance of which can be compelled.  It is not an option for which a valuable consideration was paid, and it is not a contract by its terms binding both parties to it.  The $10 received was accepted as a part of the purchase price and the contract of sale to which plaintiff was entitled was dependent upon the payment of "$190 more," and his obligating himself to pay the further sum of $600, payable $25 per month, being the residue of the price fixed ($800).

The court found in plaintiff's favor upon the defenses of inadequacy of consideration and unfair advantage alleged to have been taken of defendant in procuring the execution of the contract.  It also found that the writing was the only agreement between the parties; that the $10 mentioned therein was in the form of plaintiff's personal check, which was never cashed; that the same day it was received by defendant she offered to return it to plaintiff, and notified him that she withdrew and revoked the offer contained in the contract; that there was no further act or offer of performance by plaintiff until ten days after such revocation, when he demanded of defendant that she carry out the agreement, which

she refused to do; and that no tender of the "$190 more" was made by plaintiff until August 31, 1906.

A party to an obligation cannot be compelled to perform it unless the other party, claiming the right to enforce, has performed or can under the terms of the agreement be compelled to specifically perform. (Civ. Code, sec. 3386.) The exception to this rule is that, "A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it (is not bound to perform), if the latter has performed (as in section 3386), or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance." (Sec. 3388.) The mutuality of remedy necessary to specific performance in the latter case is said to be supplied by the offer to perform or the filing of the bill for the purpose of procuring the decree. (*Vassault* v. *Edwards,* 43 Cal. 458; *Sayward* v. *Houghton,* 119 Cal. 549, [51 Pac. 853, 52 Pac. 44].) This is upon the theory that the want of mutuality of obligation which obtained at first is overcome by the acts mentioned, they being held sufficient to bind the party not originally obligated. (*Spires* v. *Urbahn,* 124 Cal. 110, [56 Pac. 794]; *Bird* v. *Potter,* 146 Cal. 286, [79 Pac. 970].)

We are not aware of any rule which requires the signer of a unilateral agreement to maintain the status of the property affected in order that the other party thereto may offer to perform at his pleasure and thereby compel specific performance. A construction of section 3388 which would bring about this result would work a repeal of section 3386, and neither mutuality of remedy nor mutuality of obligation be a prerequisite to the specific performance of a contract.

The offer having been withdrawn by the defendant before the offer of performance by plaintiff, the latter was not entitled to a decree compelling defendant to execute the contract and was left to his action at law for any relief to which he was entitled. (*Pacific Electric Co.* v. *Campbell-Johnston,* 153 Cal. 106, [94 Pac. 623].)

The trial court applying the rule that a court of equity, having acquired jurisdiction of the cause, would grant any relief to which the parties were entitled, ascertained that the property had not appreciated in value since the contract was executed, and decreed that the restoration to plaintiff of the $10 check was all the relief he was entitled to.

The evidence is sufficient to sustain the findings against the attacks made upon them, and they in turn support the judgment.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.