[L. A. No. 2902.   Department One.—May 31, 1912.]

WALTER G. REESE COMPANY, INC., Appellant, v. LOUISE C. HOUSE, formerly Louise C. Wirth et al., Respondents.

VENDOR AND VENDEE—OPTIONAL CONTRACT WITH AGENT FOR SALE OF LAND.—An agreement between the owner of real property and a broker, providing, in the first place, for the employment of the broker for a stated period as the owner's agent to sell the property on commission at a fixed price, and further providing that the broker should have the option, running concurrently with the agency, and thereafter until notice of withdrawal in writing should be given, of purchasing the property at a certain price, is valid.

ID.—SPECIFIC PERFORMANCE OF CONTRACT—ADEQUACY OF CONSIDERATION FOR OPTION IMMATERIAL—CONTRACT BECOMES BINDING UPON ACCEPTANCE.—In an action by the broker to specifically enforce the agreement for sale, the adequacy of the consideration for the option, as distinguished from the consideration for the conveyance of the land, is immaterial. By the acceptance of the option, a contract of purchase, binding the owner or her successors to sell and the vendee to buy, became complete.

ID.—ABSENCE OF CONSIDERATION FOR OPTION.—Even if an option be given without any consideration, a binding agreement of purchase and sale results from an acceptance of the option during its life.

ID.—EFFECT OF CONSIDERATION FOR OPTIONAL AGREEMENT.—The only importance of a consideration as bearing upon an agreement giving an option, is that where there is a consideration, the option cannot be withdrawn during the time agreed upon for its duration, while, if there be no consideration, the party who has given the option may revoke it at any time before acceptance, even though the time limited has not expired.

Id.—Fairness and Adequacy of Consideration—Sufficient Aver-. ment.—A complaint in an action to specifically enforce a contract for the sale of land sufficiently alleges the fairness and adequacy of the consideration by an averment that the purchase price mentioned in the contract is and at all times since the execution of the contract has been a fair and reasonable value of the land.

Id.—Offer of Performance—Place for Making—Evasion by Vendor. —An offer of performance by the vendee under a contract for the sale of land may be made at the residence or place of business of the vendor, under section 1489 of the Civil Code, when the vendor evades the vendee.

Id.—Conveyance by Vendor—Acceptance and Demand of Conveyance.—Where pending the life of an option for the purchase of land the party giving it conveys the property by deed of gift to others, the latter become the persons to whom notice of acceptance of the option could properly be given and of whom demand for conveyance could properly be made.

APPEAL from a judgment of the Superior Court of Kern County.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Alfred Siemon, for Appellant.

C. C. Hamilton, for Respondents.

SLOSS, J.—Demurrers to plaintiff's third amended complaint and to its supplemental complaint were sustained without leave to amend, and judgment of dismissal entered.  From this judgment the plaintiff appeals.

The plaintiff makes no point on the ruling with respect to the supplemental complaint.  The only question is whether the demurrer to the third amended complaint should have been sustained.

After setting forth the corporate character of the plaintiff, the complaint in question alleges that on or about the sixteenth day of June, 1910, Elizabeth Wirth was the owner and in possession of three lots and of an undivided one-half interest in two other lots in the city of Bakersfield.  On said day said Elizabeth Wirth, in consideration of one dollar paid to her by plaintiff, and of other good and sufficient considerations, made, executed, and delivered to plaintiff an option to purchase said property, which option was in the following words:—

"Bakersfield, California.

"Walter G. Reese Co., Inc.

"If Walter G. Reese Co., sells said property described hereon (of which I am owner) or if it sends me a party who buys or exchanges for said property, I hereby agree to pay said Walter G. Reese Co. for its services a commission of 5 per cent of sale price.  Date 6/16/10.

"In consideration of $1.00 receipt of which is hereby acknowledged, I hereby grant Walter G. Reese Co., the exclusive agency of property described hereon for 15 days or one-half month from this date, and thereafter until written withdrawal, and agree to deliver said premises at price at which I have listed same hereon, less the above mentioned commission ; or optional with said Walter G. Reese Co., to pay me a net price of $2400.00 on same terms named hereon.  I agree and will furnish certificate of title and other necessary papers to establish clear and satisfactory title.

"(signed)    Elizabeth Wirth."

Endorsed on said agreement was a description of the property and the figures: "$2500.00."  It is alleged that no written or other withdrawal of said option has been made and the same has at all times since its execution been and now is in full force and effect; that the sum of twenty-four hundred dollars mentioned therein "was and is and at all times since the execution thereof has been a fair and reasonable value of said property described therein, and that said optional agreement was and is fair and reasonable in all its parts, and that said sum $2400.00 is now and at all times since the execution of said agreement has been an adequate price for the said property."  On or about the twenty-first day of June, 1910, while plaintiff's option was in force and effect and before any withdrawal or revocation thereof, and without the knowledge or consent of the plaintiff, said Elizabeth Wirth executed and delivered certain deeds of gift, whereby she attempted to convey the said property to the defendants (her children), that said deeds were without consideration and were made at the fraudulent instigation of defendants, with the intent to avoid and defeat plaintiff's rights under said contract or option.  At the time of the execution and delivery of said deeds and prior thereto, the defendants had actual knowledge of the fact that plaintiff held an option to purchase said lands,

and each of said defendants knew all the terms and conditions of said option.

On June 30, 1910, and before the plaintiff had any knowledge of the execution and delivery of said deeds, plaintiff's agent, at the instance and request of the plaintiff, went to the home of said Elizabeth Wirth to give her notice of the exercise of said option and to pay for the said property; that at such time the defendants, who were present, refused to allow said agent to interview Elizabeth Wirth, and thereupon said agent stated to defendants that he had an option to purchase the property, and desired to see said Elizabeth Wirth and to pay her therefor, and to receive a deed for the said property. The defendants refused to allow said agent to see Elizabeth Wirth. The plaintiff, it is alleged, "insisted on seeing said Elizabeth Wirth; and then and there stated to the defendants that it offered to purchase said land and exercised its option thereto and offered to pay the purchase price thereof." Thereafter, on the first day of July, 1910, and before any written or other withdrawal of said option, and while plaintiff was still ignorant of the execution and delivery of said deeds to the defendants, the plaintiff notified Elizabeth Wirth in writing that it accepted said option and agreed to buy said property at the sum mentioned, and offered to pay said Elizabeth Wirth the purchase price of said property. Said written acceptance and offer were sent to Elizabeth Wirth by mail, duly registered and prepaid, addressed to her at her home in the city of Bakersfield. The defendants refused to receive said mail, their said refusal being made for the purpose of preventing plaintiff from giving notice of the exercise of said option. Since the first day of July, 1910, Elizabeth Wirth departed this life. She was, at the time of her death, insolvent and left no legal estate. No administrator has been appointed and there is no personal representative. The plaintiff is ready, willing, and able to pay the defendants the sum of twenty-four hundred dollars for the property and offers to pay the same into court to be paid to the defendants on the execution and delivery of deeds to said property and certificate of title, according to the said option. The said defendants and each of them have refused, neglected, and failed to convey said property to the plaintiff, or to perform any of the terms of said agreement.

The prayer is for judgment that the agreements so made by
the plaintiff and Elizabeth Wirth be specifically performed,
and that the defendants be required to convey said premises
to the plaintiff and execute a good and sufficient deed therefor
on payment by the plaintiff of the purchase price.

The demurrer specified two grounds: 1. That the third
amended complaint did not state facts sufficient to constitute
a cause of action; 2. That the complaint was uncertain in that
it did not show that there was a valuable and sufficient con-
sideration for said supposed option, or that said alleged pur-
chase price was or is adequate, and that the complaint was un-
certain, further in that it did not clearly show that a valid
tender of the alleged purchase price or offer of performance
had been made.

We think these specifications were without merit and that
the demurrer should have been overruled.

The agreement between the plaintiff and Mrs. Wirth was
inartificially drawn, but its meaning and intent are sufficiently
clear. The agreement provided in the first place for the em-
ployment of plaintiff as agent to sell the property for the sum
of twenty-five hundred dollars, of which the plaintiff was to
receive, in case of sale, a commission of five per cent. There
was a further agreement that the plaintiff should have the
option, running concurrently with the agency, to purchase the
property at and for the price of twenty-four hundred dollars.
The option was to last as long as the agency, that is to say, for
fifteen days, and thereafter until notice of withdrawal in
writing should be given. That such an agreement is valid is
not to be questioned.

The first point urged by the respondent in support of its
demurrer is that there is no allegation that the consideration
for the option, as distinguished from the consideration for the
conveyance of the land itself, was adequate. The adequacy of
the consideration for the option is not a material question
here. By the acceptance of the option (assuming that it was
duly accepted, a point to which we shall refer later), a con-
tract of purchase, binding Mrs. Wirth, or her successors, to sell
and the plaintiff to buy, became complete. It is this contract
which the plaintiff is seeking to enforce, not the agreement
for an option, which was immediately executed. Even if an
option be given without any consideration, a binding agree-

ment of purchase and sale results from an acceptance of the option during its life. The only importance of a consideration as bearing upon an agreement giving an option, is that where there is a consideration, the option cannot be withdrawn during the time agreed upon for its duration, while, if there be no consideration, the party who has given the option may revoke it at any time before acceptance, even though the time limited has not expired. In the absence of a consideration, the option is nothing more than an offer to sell. But such offer, duly accepted, constitutes a contract binding upon both parties and enforceable by either. These matters are more fully discussed in *Smith* v. *Bangham,* 156 Cal. 359, [28 L. R. A. (N. S.) 522, 104 Pac. 689], and the decision in that case fully answers the points made with respect to the consideration for the option.

· Viewing the action, then, as one to enforce a binding agreement for the purchase and sale of the land at the price of twenty-four hundred dollars, there is no foundation for the claim that the complaint does not sufficiently show an adequate consideration. It is, of course, established by a long line of cases, that in a case to compel the specific performance of a contract, it must be made to appear by affirmative allegation that the consideration was fair and adequate. (*Morrill* v. *Everson,* 77 Cal. 116, [19 Pac. 190] ; *Prince* v. *Lamb,* 128 Cal. 129, [60 Pac. 689] ; *Stiles* v. *Cain,* 134 Cal. 171, [66 Pac. 231] ; *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193].) It is not enough to merely state the legal conclusion of such adequacy. Facts supporting the conclusion must be pleaded. But such facts are sufficiently alleged in the complaint before us, in which, as we have seen, there is a specific averment to the effect that the sum of twenty-four hundred dollars, mentioned in the option, is and at all times since the execution of the agreement has been a fair and reasonable value of said property. (*Brown* v. *Town of Sebastopol,* 153 Cal. 704, [19 L. R. A. (N. S.) 178, 96 Pac. 363].) An allegation that property is reasonably worth a certain sum is an averment of a fact, and where such sum appears to be no greater than the price agreed upon for the sale, the plaintiff has fully complied with his obligation to show by averment of appropriate facts that the consideration for the contract sought to be specifically enforced is adequate. (See *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193].)

We think the facts alleged in the complaint were sufficient to show an acceptance of the option by plaintiff and a tender of performance on its part. Under section 1489 of the Civil Code an offer of performance may be made at the residence or place of business of the creditor, if such creditor evades the debtor. While it is not averred in so many words that Mrs. Wirth evaded the plaintiff, still the facts set out are such as to compel the inference of such evasion. In *Stein* v. *Leeman,* 161 Cal. 502, [119 Pac. 663], we held, under a state of facts very similar to those here presented, that there had been a sufficient tender. But apart from all this, it is alleged that during the life of the option and before the plaintiff had exercised it, the property had been transferred by Mrs. Wirth to the defendants, who took with notice of the plaintiff's rights. By so taking, they became bound to carry out the obligation of the contract. They were, accordingly, the persons to whom notice of acceptance could properly be given and of whom demand for conveyance could properly be made. The complaint shows that plaintiff's agent stated to the defendants that the plaintiff "offered to purchase said land and exercised its option thereto and offered to pay the purchase price thereof." This was a sufficient acceptance of the option and offer of payment to entitle the plaintiff to enforce the agreement against the defendants, even if it could be held that there was no sufficient notice and tender to Mrs. Wirth.

The judgment is reversed with directions to the trial court to overrule the demurrer with leave to defendants to answer the third amended complaint.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.