[S. F. No. 6146. In Bank.—May 7, 1914.]

## WILLIAM COPPLE, Respondent, v. E. H. AIGELTINGER et al., Appellants.

Appeal—Order Amending Conclusions of Law and Directing New Judgment.—By the express provisions of section 663a of the Code of Civil Procedure, an order vacating a prior judgment for the defendants and directing a new judgment for the plaintiff, made on the motion of the latter for amendments of the conclusions of law and for the entry of a judgment in conformity therewith, is appealable.

Vendor and Vendee—Time for Payment of Purchase Price not Specified in Contract—Reasonable Time Allowed.—Where no time is

specified in a contract for the sale of land within which the vendee must make payment of the purchase price, he has the right, in the absence of any tender of a deed by the vendor and demand of payment, to defer such payment for a reasonable time.

Id.—Contract not Signed by Vendee—Part Payment of Price—Contract Binds Vendor.—A written contract for the sale of land which is signed by the vendor but not by the vendee, and which is based upon the consideration of a part payment of the purchase price by the vendee, is binding upon the vendor and those acquiring title from him with notice of the vendee's rights, so long as it remains unrevoked, and there is no failure on the vendee to comply with its terms.

Id.—Acceptance of Contract by Vendee—Relation of Right to Purchase—Purchaser With Notice.—Under such contract, the vendor cannot withdraw the vendee's right to purchase the land during the time agreed upon for its duration; and where the vendee accepts the contract according to its terms, it vests in him the right of acquiring the land, which right when exercised relates back to the time of the execution of the contract so as to cut off intervening rights acquired with knowledge of its existence.

Id.—Vendee may Specifically Enforce Contract — Mutuality of Remedy—Commencement of Action.—Such an agreement of sale may be specifically enforced by the vendee against the vendor, although the former has not signed the same, and although it could not originally have been specifically enforced against him by reason of the fact that he had not signed. In the absence of written acceptance by the vendee of the proposition of the vendor prior to suit, in equitable theory the requirement of mutuality of remedy is satisfied when the nonsigning vendee enters suit, since by the very bringing of his action he binds himself to abide by the decree, and so empowers the court to decree specific performance against him.

Id.—Subsequent Purchaser With Notice Takes Subject to Contract. A subsequent purchaser from the vendor, with notice of the rights of the vendee under such contract, took subject to the right of the vendee to complete his purchase.

APPEAL from an order of the Superior Court of Mendocino County vacating a prior judgment and directing a new judgment in plaintiff's favor. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Preston & Preston, for Appellants Beasley.

Robert Duncan, for Plaintiff and Respondent.

Thomas & Thomas, for Defendant Aigeltinger.

ANGELLOTTI, J.—This is an action for the specific performance of an agreement for the sale of real estate. The lower court first made its findings and entered its judgment in favor of defendants. Later, upon motion of plaintiff for amendments to the conclusions of law and for a judgment based thereon in his favor, the court made an order granting such motion, vacating the prior judgment, and directing a new judgment in plaintiff's favor, which was accordingly entered. From this order the defendants appeal.

The statute expressly provides for an appeal from such an order. (Code Civ. Proc., sec. 663a.)

The facts of the case are presented in the findings of the court, and are in substance as follows: On the seventeenth day of September, 1910, the defendant E. H. Aigeltinger was the owner of an undivided one-half interest in a tract of land near Hopland, and on that day made, executed, and delivered to one A. H. Pape, acting as agent for the plaintiff, an instrument in writing relative to the purchase of said real estate by plaintiff in the following words:

"San Francisco, September 17, 1910.

"Rec'd. from A. H. Pape as deposit of $10 for William Copple on sale of ½ piece of land known as Lowe place at Hopland. Balance of Five hundred and ninety ($590) dollars to be paid on delivery of deed.

"(signed) E. H. AIGELTINGER."

The purchase price of the land named in this instrument was reasonable, and the sum of ten dollars was actually received by said Aigeltinger upon the date thereof. On September 23, 1910, said Aigeltinger requested William Copple, the principal of said Pape and plaintiff herein, to return said writing, and offered to repay to him the ten dollars which he had received thereunder. The instrument was not returned nor the offer of repayment accepted; but on the twenty-eighth day of September, 1910, Aigeltinger, for a valuable and sufficient consideration, conveyed the property to his co-defendants Spencer Beasley and Isaphene Beasley, his wife, who took such conveyance with full knowledge of the execution and terms of said instrument. On October 25, 1910, the plaintiff notified the defendant Aigeltinger that he was ready, able, and willing to take said property under the terms of

said instrument and offered to pay the balance of the pur-
chase price, which offer Aigeltinger refused, but on his part
offered to return the ten dollars which he had theretofore
received. The plaintiff then brought this action for specific
performance.

By the instrument above set forth, Mr. Aigeltinger, in con-
sideration of the payment to him of a part of the purchase
price, bound himself in writing to convey the land involved
to plaintiff, upon payment of the further sum of five hundred
and ninety dollars, the same being the balance of the purchase
price agreed on. No time being specified therein within which
plaintiff must make such payment, he certainly had the right,
in the absence of any tender of a deed by Aigeltinger and
demand for payment, to defer such payment for a reasonable
time. In view of the language used it may well be held that
his right to take the land upon payment of five hundred and
ninety dollars would continue until a demand by Aigeltinger
of payment and a tender of deed, but as there never was any
such demand or tender of deed, it is unnecessary to determine
this question, for it would hardly be contended upon the facts
found that plaintiff did not make his tender within a reason-
able time. Clearly there was no default on his part. While,
owing to the fact that plaintiff had not signed this writing,
the agreement could not originally have been specifically en-
forced against him (*Harper* v. *Goldschmidt*, 156 Cal. 245, 251,
[134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104 Pac.
451]), it was nevertheless binding upon Aigeltinger and those
acquiring from him with notice of plaintiff's right, so long as
it remained unrevoked, and there was no failure on the part
of plaintiff to comply with its terms, for the simple reason
that it was based upon a valuable consideration moving from
plaintiff to him, the payment of a portion of the purchase
price, and thus constituted a contract binding on him. So
far as Aigeltinger was concerned, in the absence of default
by plaintiff, it was a binding, irrevocable contract for the sale
of the property, something which was, of course, entirely dif-
ferent from a mere offer, unsupported by any consideration,
which might be revoked at any time before acceptance.

It is settled in this state, as to a mere option for the pur-
chase of real estate, that where there is a consideration there-
for, the option cannot be withdrawn during the time agreed

upon for its duration, and that when accepted according to
its terms it vests in the vendee the right of acquiring the
land, which right when exercised relates back to the time of
giving the option so as to cut off intervening rights acquired
with knowledge of the existence of the option. (See *Smith*
v. *Bangham,* 156 Cal. 359, 364, [28 L. R. A. (N. S.) 522, 104
Pac. 689] ; *Reese Co.* v. *House,* 162 Cal. 740, 745, [124 Pac.
442].) This rule is necessarily equally applicable in favor
of the vendee under such a contract of sale as we have here,
notwithstanding he has not signed the contract.

It is settled that such an agreement of sale as the one here
involved may be specifically enforced by the vendee against
the vendor although the former has not signed the same, and
although it could not originally have been specifically en-
forced against him by reason of the fact that he had not
signed. (Civ. Code, sec. 3388; *Harper* v. *Goldschmidt,* 156
Cal. 251, [134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104
Pac. 451] ; *Bird* v. *Potter,* 146 Cal. 286, [79 Pac. 970].)
Where there is no written acceptance by the vendee of the
proposition of the vendor prior to suit, as said in *Harper* v.
*Goldschmidt,* 156 Cal. 251, [134 Am. St. Rep. 124, 28 L. R. A.
(N. S.) 689, 104 Pac. 451], "in equitable theory the require-
ment of mutuality of remedy is satisfied when the nonsigning
plaintiff enters suit, since by the very bringing of his action
he binds himself to abide by the decree of the court in chan-
cery, and so empowers that court to decree specific perform-
ance against him." Not being in default, plaintiff was there-
fore entitled to specific performance of the contract. The
conveyance by the vendor to the Beasleys, who took with full
notice of his rights, could not operate to preclude him from
this relief. As said in *Smith* v. *Bangham,* 156 Cal. 359, [28
L. R. A. (N. S.) 522, 104 Pac. 689], as to an option, "a sub-
sequent purchaser with notice of a valid and irrevocable op-
tion would certainly take subject to the right of the option
holder to complete his purchase." (See, also, *Reese Co.* v.
*House,* 162 Cal. 740, [124 Pac. 442].) This is necessarily
true as to such a contract as we have here.

In so far as *Leuschner* v. *Duff,* 7 Cal. App. 721, [95 Pac.
914], may be held to express views contrary to what we have
said, we cannot follow it, in view of our decisions. The case
of *Nason* v. *Lingle,* 143 Cal. 363, [77 Pac. 71], is clearly not

in point.   There was in that case no consideration for Lingle's proposition, and he effectually revoked such proposition prior to the action on the part of the plaintiffs which, in the absence of such revocation, would have created a binding contract.

It is the absence of any consideration that distinguishes that case from this.

The order appealed from is affirmed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.

MELVIN, J., concurring.—I concur, but in approving the quotation from *Smith* v. *Bangham* I am not indorsing all of the doctrines of that case.   The rule with reference to "subsequent purchasers with notice" was correctly expressed in the opinion but I do not think Mrs. Bangham was properly classified as such a subsequent purchaser or as a person subject to the same rule.   I adhere to the convictions expressed in the dissenting opinion in that case of which Mr. Chief Justice Beatty was the author and in the one written by me in which Mr. Justice Lorigan concurred.