[No. 11487.   Department Two. — October 29, 1888.]

## NATHAN DANIELS, APPELLANT, *v.* GUALALA MILL COMPANY, RESPONDENT.

EJECTMENT — EVIDENCE OF TWO PATENTS — APPEAL — OBJECTION FOR FIRST
   TIME. — When evidence was given without objection in the court below,
   of two patents, one from the state and one from the United States, under
   which plaintiff deraigns title in an action of ejectment, he cannot object
   on appeal for the first time to the findings of the court, based upon any
   part of the evidence going to show the regularity or irregularity of these
   patents.

PATENT — INDEMNITY SCHOOL SELECTIONS — BOOTH ACT.— Under the act of
   Congress of 1877, commonly called the Booth act, indemnity school
   selections, which failed by reason of any defect or invalidity, were con-
   firmed; and a state patent issued after the passage of said act, for such a
   selection made before its passage, is valid and conveys title; and a patent
   subsequently issued for the same land by the government of the United
   States is void.

STATUTE OF LIMITATIONS — ADVERSE POSSESSION OF RAILROAD BED. —When
   a strip of land, to which plaintiff obtained title from the state more than
   five years before suit, was sold by plaintiff to defendant for a railroad
   before the state patent was obtained, and was thereupon improved by
   the defendant by building a costly railroad in the manner usual with
   railroads, with reference to their road-bed and right of way, and defend-
   ant has possessed the same adversely, and paid all taxes assessed thereon
   for more than five years prior to the commencement of the action, the
   defense of the statute of limitations is made out, though the strip of land
   may not have been protected on all sides by a substantial inclosure.

APPEAL from a judgment of the Superior Court of
Mendocino County, and from an order denying a new
trial.

*J. A. Cooper*, for Appellant.

*H. A. Powell*, and *T. L. Carothers*, for Respondent.

FOOTE, C.—This action is in ejectment to recover a strip of land twenty-five feet in width, through the center of which the defendant's railroad runs lengthwise.

The court below, sitting without a jury, found that the cause of action was barred by the statute of limitations. From the judgment and an order denying a new trial the plaintiff appeals.

From the evidence it appears that the plaintiff claims title under a patent issued from the United States government in 1883. If this patent was good and the plaintiff had title to the land only through it, then the defendant could not prevail in the action. It becomes then a very material question in this case in what way and at what time the plaintiff did actually obtain a paramount title to the land.

It is in evidence by a certain state patent, to the introduction of which no objection was made upon the trial, that the land was patented to one A. J. Delatour, May 13, 1878; that it was listed as an indemnity school selection, and selected and certified as such to the state of California in lieu of a portion of section 36, township 10 north, range 30 west, San Bernardino meridian, approved August 10, 1870, by the Secretary of the Interior, and the certified copy of the list was read in evidence without objection. Certain deeds were also put in evidence without objection, showing that the plaintiff had this land conveyed to him by mesne conveyances from Delatour, and that the deed to plaintiff directly was dated the twenty-fifth day of April, 1871.

That afterward, in 1882, the United States commissioner of the land-office undertook to cancel the selection by the state, on the ground that it had not lost the school land for which it had obtained the indemnity land patented by it to the plaintiff, and it was shown that in 1883, after this order of cancellation, the plaintiff had obtained a patent for the land from the general government.

The defendant then introduced a patent to certain parties for a Mexican land grant, dated the first day of March, 1870, which shows with the map attached that section 36, township 10 north, range 36 west, San Bernardino meridian, was included within it, and that the final survey of the rancho for which the patent issued had been approved by the commissioner of the general land-office March 1, 1870, its introduction in evidence being unobjected to.

The plaintiff then introduced in evidence a certified copy of the application of A. J. Delatour to purchase of the state of California the lands described in the complaint, which is regular in form, dated April 2, 1868, duly verified, which application shows that the lands described in the complaint were duly located in lieu of the east half of section 36, township 10 north, range 36 west, San Bernardino meridian, by Leander Ransom, state locating agent, on the twenty-seventh day of May, 1868. Also that a certificate of purchase to the land, dated the 24th of March, 1869, issued to A. J. Delatour from the register of the state land-office.

Thus it will be seen that it was shown in evidence, without objection from the plaintiff, that there were two patents to the land in question, one from the state, and one from the United States, so that the plaintiff cannot be heard here, at this stage of the cause, to object to the findings of the court, based upon any part of the evidence going to show the regularity or irregularity of these patents. This objection to the consideration of such evidence by the trial court should have been made at the proper time.

It being certain, then, that the evidence was properly before the court, the only question is, What was its legal effect?

If the first patent from the state was good, and vested a title in Delatour, then the second patent from the United States was void. Under the act of Congress of

1877, commonly called the Booth act, to be found at page 267 of the 19th United States Statutes at Large, section 2, it is provided:—

"That where indemnity school selections have been made and certified to said state, and said selections shall fail by reason of the land in lieu of which they were taken not being included within such final survey of a Mexican grant, or are otherwise defective, or are invalid, the same are hereby confirmed."

The appellate court of this state held in *Hambleton* v. *Duhain*, 71 Cal. 141, "that the use of the words ' or are otherwise defective or invalid' shows that the intention of Congress in enacting the law was to cover *any and all* defects in indemnity school selections." It follows that the land in controversy having been listed and certified to the state, if the selection failed by reason of any defect or invalidity, it was made good, and such defect or invalidity cured. The state, having title to the land, could and did give a valid patent to Delatour, and the patent from the United States to the plaintiff was void.

Delatour, through whom the plaintiff claims, had title to the land on the date of his state patent, viz., the thirteenth day of May, 1878, which was more than five years next before the plaintiff commenced this action. The defendant commenced its occupation of the land in the year 1864,—more than twenty years before this action was begun. It claimed title adverse to the patentee, Delatour, under whom the plaintiff claims by mesne conveyances from the thirteenth day of May, 1878, and claimed against the plaintiff himself ever since the fall of 1874, when the plaintiff was paid eight hundred dollars for the strip of land in controversy.

It then becomes a material question in this matter as to whether the defendant can claim that it had adverse possession of the land for more than five years next prior to the commencement of this action, so as to satisfy the conditions of section 325 of the Code of Civil Procedure.

The land may not, perhaps, have been protected on all sides by a substantial inclosure, but we think it has been improved in the manner usual by railroads, with reference to their road-bed and right of way. We think the evidence shows that all the taxes which have been assessed upon this land in the occupancy of the defendant as a road-bed and right of way have also been paid.

It is true that the land was not assessed as a strip of land twenty-five feet wide in the section of land through which it ran, and that the plaintiff did pay the taxes on the land described in his complaint; but the facts do not show, nor do the findings, that the plaintiff paid any taxes on this strip of land, which he had sold to the defendant, and upon which its railroad was built, and which it occupied, and they do further show, as we think, that the defendant, in paying its taxes, paid on this land, as included in its tax assessment on its road-bed, all the taxes assessed against it.

The plaintiff sold this land to the defendant in 1874, and received eight hundred dollars therefor. He permitted the defendant to build a costly railroad over and through it, and seems himself to have considered it as belonging to the defendant. Afterward, when he thought his state patent was void, he again sought to get title to the land from the United States, and having, as he thought, accomplished this object in 1883, it occurred to him that his title was only good from that date, and that the defendant might be made to pay him again under his second patent for the land, as its possession had not been continuous for five years from 1883 to the commencement of this action.

But inasmuch as, according to the evidence and the findings, his title was founded primarily on the state patent of 1878, this cannot be done. We perceive no prejudicial error in the record, and advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.