[S. F. No. 5324.    Department One.—March 19, 1910.]

## JOHN GRAY, Respondent, v. WILLIAM WALKER, Appellant.

ACTION TO QUIET TITLE—PLEADING—INSUFFICIENT AVERMENTS—LEGAL TITLE IN DEFENDANT—VERBAL TRUST FOR PLAINTIFF.—A complaint in an action to quiet title, in so far as it does not show any trust arising by operation of law, or any legal interest in the plaintiff arising out of a trust, but merely alleges that plaintiff conveyed the legal title to the defendant without consideration, under a verbal agreement that the defendant was to hold the title in trust for plaintiff, states no cause of action. In the absence of a writing, a decree quieting plaintiff's title cannot be sustained on the theory that the title to the property was held by the defendant in trust for the plaintiff; nor could a finding of ownership in the plaintiff be sustained by proof that defendant holds the legal title, subject to an equity in favor of the plaintiff.

ID.—CAUSE OF ACTION STATED—USUAL AVERMENTS—PRESCRIPTIVE TITLE.—Where the complaint to quiet title sets forth the usual averments that the plaintiff is the owner of and in possession of the land described, that defendant claims an interest therein adverse to the

plaintiff, and that such claim is without right; and further alleges that ever since the execution of said deed, plaintiff had held possession of said land against defendant and the whole world, and for five years had paid all taxes levied and assessed upon said land, and had improved the same as his own, without suggestion or objection from any one in the world, it states a cause of action based upon a legal title in the plaintiff.

ID.—CAUSE OF ACTION NOT AFFECTED BY REFERRING TO DEED.—The cause of action based upon the prescriptive title acquired since the date of the deed executed by plaintiff to defendant, is not affected by reference to such deed, which cannot prevent the subsequent acquisition by the grantor of a perfect title by adverse possession as against the grantee.

ID.—AMENDED COMPLAINT—CONSTRUCTION OF GENERAL FINDING.—Where the original complaint was several times amended, a general finding that all the allegations and averments of the complaint are true should be taken as intended, not to refer to the original complaint, but to the complaint on which the case was tried. The answer mentioned in the same finding was the answer to that complaint.

ID.—ADVERSE POSSESSION—ABSENCE OF COLOR OF TITLE—CONSTRUCTION OF STATUTE—IMPROVEMENTS OF LOTS.—Under section 325 of the Code of Civil Procedure, providing that where adverse possession is not claimed under a written instrument, judgment, or decree, the land must be either protected by a substantial inclosure, or must be usually cultivated or improved, when town lots are sufficiently improved in the manner or to the extent usual in the case of similar property, it is not necessary that they should either be cultivated or inclosed.

ID.—SUPPORT OF FINDING AS TO IMPROVEMENTS—EVIDENCE OF PLAINTIFF.—While the evidence as to improvements upon the lots is not very full, yet where there is nothing in the record to indicate that the plaintiff's improvements relied on were inadequate, the testimony of the plaintiff that he had since December 3, 1896, to the date of the trial in 1908 had actual possession of the property, was proper as tending to prove actual occupancy, and in the absence of a clear showing to the contrary, is sufficient to support the finding as to adverse possession by improvements upon the lots.

ID.—SUPPORT OF FINDING AS TO HOSTILE AND EXCLUSIVE POSSESSION—CONFLICTING EVIDENCE.—Where the plaintiff's evidence, if true, showed that his possession was hostile and exclusive as against the defendant, it supports a finding to that effect. A conflict of testimony by contradiction from the defendant, presents a question to be answered finally by the trial court.

ID.—PAYMENT OF TAXES—JOINT ASSESSMENT OF ONE LOT WITH LOT OF THIRD PERSON.—Where the evidence shows that plaintiff paid all taxes assessed against his lots for the statutory period, the fact that one of them was jointly assessed with the lot of a third person to whom plaintiff regularly gave the money to pay the taxes on his

lot so assessed, does not show a failure to pay the taxes thereon, though such third person kept the receipts. This was, in effect, a payment by plaintiff.

ID.—SALE FOR DELINQUENT TAXES—REDEMPTION BY PLAINTIFF.—The fact that in one year the land was sold for delinquent taxes, and subsequently redeemed by the plaintiff did not prevent him from acquiring a title by adverse possession.

ID.—ARGUMENT UPON APPEAL—POINTS INSUFFICIENTLY PRESENTED NOT CONSIDERED.—Where objections, rulings, and exceptions to evidence are merely stated in appellant's brief, without any citation of authority or argument, beyond the bald declaration that "in deciding these objections against the defendant the court erred," the appellate court is not called upon to consider the points so presented.

APPEAL from a judgment of the Superior Court of Alameda County. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

R. E. Hewitt, for Appellant.

E. Huffaker, for Respondent.

SLOSS, J.—Appeal by defendant from a judgment quieting plaintiff's title to three parcels of land in Alameda County. The evidence is incorporated in a bill of exceptions.

The fifth amended complaint, upon which, with the answer thereto, the action was tried, alleged that on December 23, 1896, plaintiff was seized and possessed of, and ever since has been and now is the owner in fee simple absolute of the lots in controversy; that on December 23, 1896, plaintiff executed and delivered a deed of said land to the defendant, his uncle, with the understanding that said defendant would reconvey the same upon request; that said conveyance was made at the request of defendant, "and for the further reason that the plaintiff at said time was suffering mentally and physically from injuries received some two years prior to said time by a horse falling upon him." It was further alleged that there was no consideration for the deed; that ever since its execution, plaintiff had held possession of said lands against the defendant and the whole world, and for five years had paid all taxes levied and assessed upon said lands, and had "improved and treated said real estate as his own, without a suggestion or an objection from any one in the world." The refusal of the de-

fendant to reconvey on request is averred, as is the fact that he claims an interest in the property adverse to plaintiff, such claim being, as is alleged, without right.

A demurrer to this complaint was overruled. Of the various grounds of demurrer specified, but one, i. e., the want of facts sufficient to constitute a cause of action, is here argued. The contention of appellant is that the plaintiff cannot, by the mere averment of an oral agreement that the title conveyed should be held in trust for him, or be reconveyed to him, overcome the effect of his deed of December, 1896. In the absence of a confidential relation or of facts raising a trust by operation of law —and it is plain that this complaint sets up no such case—a trust cannot be imposed upon the grantee under an absolute deed unless it be declared by a writing. (*Feeney* v. *Howard,* 79 Cal. 526, [12 Am. St. Rep. 162, 21 Pac. 984] ; *Babcock* v. *Chase,* 111 Cal. 351, [43 Pac. 1105] ; *Sheehan* v. *Sullivan,* 126 Cal. 189, [58 Pac. 543].) The language of this complaint would seem to indicate clearly that there was no intent to rely upon a writing, and that the alleged agreement to reconvey was verbal. In any event, there was no proof of a writing, and the decree cannot, if the complaint may, be sustained on the theory that the title to the property was held by the defendant subject to a trust in favor of plaintiff. Furthermore, a finding of ownership in a plaintiff suing to quiet title is not sustained by proof that the defendant owns the legal title, subject to an equity in favor of plaintiff. (*Buchner* v. *Malloy,* 155 Cal. 253, [100 Pac. 687], and cases cited.)

But, independently of every allegation concerning the deed, the complaint contains a statement of all the facts necessary to constitute a cause of action. It avers that plaintiff is the owner and in possession of certain land, that defendant claims an interest therein adverse to plaintiff, and that such claim is without right. Here we have every element of a complaint to quiet title. (Code Civ. Proc., sec. 738.) Furthermore, if we read with these facts the averment that plaintiff made a deed to defendant in 1896, the cause of action is not destroyed. The plaintiff may have acquired a perfect title by adverse possession after the execution of the deed, and, in fact, the complaint undertakes, by separate averments, to set up such acquisition of title.

The court found, in general terms, that "all the allegations

and averments of plaintiff's complaint are true." It is objected that this is a finding in favor of the facts alleged in the original, rather than in the fifth amended complaint. We think this suggestion hypercritical. Each of the pleadings in question was a complaint, and the finding should be taken as intended to refer to the complaint on which the case was tried. The answer, mentioned in the same finding, was the answer to that complaint.

There are various specifications of insufficiency of evidence to support findings, but, in view of what we have said concerning the complaint it will appear to be unnecessary to do more than to examine the evidence on the question whether plaintiff acquired a title by adverse possession. As he was not claiming under a written instrument, a judgment, or a decree, the elements necessary to constitute adverse possession are those set out in section 325 of the Code of Civil Procedure. Under that section the land must be either: 1. Protected by a substantial inclosure; or 2. Usually cultivated or improved. There is no showing in the record that any of the three lots in question was either inclosed or cultivated. On the other hand, there was evidence tending to show that, for more than the statutory period, improvements had been maintained by plaintiff on each of the three lots. The requirement of the statute that the land be "usually cultivated or improved" means that it should be cultivated or improved in the manner or to the extent usual in the case of similar property. (*Allen* v. *McKay;* 120 Cal. 332, [52 Pac. 828].) If so improved, it is not necessary that it should be either cultivated or inclosed. (*Daniels* v. *Gualala M. Co.,* 77 Cal. 300, [19 Pac. 519].) While the evidence on the point is not very full, there is nothing in the record to indicate that the plaintiff's improvements on the lots in question were not such as to comply with the statute. The plaintiff testified that he had, from December 23, 1896, to the date of the trial, held actual possession of all the property. This testimony was proper as tending to prove actual occupancy (*Nathan* v. *Dierssen,* 146 Cal. 62, [79 Pac. 739]), and, in the absence of a clear showing that the improvements relied on were inadequate, is sufficient to support the finding under consideration.

The plaintiff's further evidence, if true, showed that his possession was both hostile and exclusive. It was contradicted by

CLVII Cal.—25

the defendant's witnesses, but, as we have so often said, a conflict of testimony presents a question which is to be answered finally in the trial court.

It is urged that the other requirement of section 325—viz. payment of taxes for five years—was not shown. But the evidence was ample on this point. The plaintiff introduced tax-receipts showing the payment of all taxes assessed on two of the lots for more than the statutory period. On the third lot, the taxes had been paid by Mary Walker, a witness for defendant. But plaintiff testified that he had given her the money to pay these taxes, and that she had kept the receipts, for the reason that she owned an adjoining lot, which was assessed with the one claimed by plaintiff. This was, in effect, a payment by plaintiff.

The fact that, in one year, the land was sold for delinquent taxes, and subsequently redeemed by plaintiff, did not prevent the acquisition of title by adverse possession. (*Owsley* v. *Matson,* 156 Cal. 401, [104 Pac. 983].)

Certain errors in admitting or excluding evidence are specified. The objections, rulings, and exceptions are merely stated in appellant's brief, without any citation of authority or any argument beyond the bald declaration that "in deciding these objections against the defendant the court erred." We do not feel called upon to consider points so presented. (*Duncan* v. *Ramish,* 142 Cal. 689, [76 Pac. 661]; *Bell* v. *Southern Pacific Co.,* 144 Cal. 573, [77 Pac. 1124]; *Bird* v. *Potter,* 146 Cal. 286, [79 Pac. 970].)

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.