[S. F. No. 14863. In Bank.—July 16, 1934.]

ARTHUR J. SMITH et al., Appellants, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

Owen D. Richardson and Donald B. Richardson for Appellants.

Louis Oneal, Arthur G. Shoup and Frank Thunen for Respondent.

THOMPSON, J.—The plaintiffs have appealed from a judgment quieting the title of the Southern Pacific Railroad Company to a strip of land less than an acre in area along its right of way in Santa Clara County.

The plaintiffs claim as joint tenants through a deed from one C. N. Anderson executed in 1923, and show a paper title by mesne conveyance from one C. H. Phillips, who was stipulated to be the record owner of the San Martin rancho, of which the strip of land was a part, at the time of its first conveyance as a separate parcel.

The respondent railroad company set up as a defense that the action was barred by sections 318 and 319 of the Code of Civil Procedure, and, by way of cross-complaint, asserted ownership and asked to have its title quieted. The case was tried without a jury and the court found that "the defendant and cross-complainant Southern Pacific Railroad Company is and for many years has been the owner, in possession and entitled to the exclusive possession by itself, and its lessees, of that certain standard gauge steam railroad and the right of way therefor referred to in the complaint and being commonly known as the Coast Line Railroad of Southern Pacific Railroad Company; that said railroad is now and at all times mentioned in the complaint has been in constant operation as a standard gauge steam railroad in the regular business of interstate and intrastate passenger and freight transportation; that the land described in the complaint is and at all times therein mentioned has been a part of the right of way for said railroad, protected by right of way boundary fence constructed many years ago by said defendant and cross-complainant and by it continuously maintained, separating the said railroad right of way from the state highway, formerly known as Monterey road, through said county of Santa Clara, California; that the said right of way and the said fence have been so maintained and used by said defendant and cross-complainant continuously for a period of over forty (40) years, and that said defendant and cross-complainant has paid all taxes levied and assessed thereon during said period", and rendered judgment quieting its title thereto.

Appellants contend that the respondent's occupation was occasional and insufficient to support the claim of adverse

possession; that there was no substantial inclosure, nor any usual cultivation or improvement; that the evidence did not support the findings, and, finally, that the presumption of ownership is with the paper title and that clear evidence is necessary to overcome it.

We are of the opinion that the record supports the findings and judgment of the trial court. The respondent's railroad has been in its present location since 1868. It was stipulated that the Southern Pacific Railroad Company is the owner of the railroad and the Southern Pacific Company is the lessee. A map introduced in evidence shows a fenced right of way on both sides of the track for the entire portion of the track portrayed on the map, a distance of about two miles. This fence inclosed the property claimed by the plaintiffs. Employees of the respondent, including the assistant engineer, the foreman of bridges and building on the coast division, the superintendent of bridges and building, the roadmaster and the section foreman, testified that from the year 1878 to the time of the trial the fence had been maintained in approximately the same position and had been kept in repair; that every year the grass and weeds had been cut and burned off and that until 1928, when the plaintiffs built their temporary fence around the other three sides of the strip of land in question, they had known of no claim to the property other than that of the railroad company. The section foreman and the roadmaster testified that the fence was torn down immediately and the wire and pickets, of which the fence had been built, were placed on plaintiffs' property. John Klinger, called by plaintiffs, testified that he had lived near the strip of land in question since 1902, and had known the same since that time; that in 1903 he leased land along the respondent's right of way, which included the land here in dispute. In 1903 he plowed the strip claimed by plaintiffs, and one Linden (the then holder of the paper title) told him it was his land. Klinger did not plant this strip again until 1912, when he paid one Dethlefsen, who had taken title from Linden, $3 a year for the privilege of using it, and thereafter he planted this strip for six or seven years, when Dethlefsen told him he had sold the land, and Klinger did not touch the strip again.

The plaintiffs produced the following evidence of user from 1919 (which was probably the last year Klinger took

hay from the strip, according to his testimony): From 1919 to 1923 the plaintiffs saw one Mulch, an employee of plaintiffs' immediate grantor, cut hay from the strip; from the fall of 1923 to 1925 the plaintiffs planted the strip and cut the hay thereon; in 1926 they gave the volunteer crop thereon to one Roll, and in 1928 they had Roll put the fence up. Witness Broughelli, who owned property near plaintiffs', testified that in 1923 Anderson leased the land to him and that he plowed the strip and sowed and harvested oats thereon, but he also testified that he thought it was railroad property, although he contradicted this last statement on his redirect examination.

With regard to the payment of taxes, it is conceded that, unless taxes on this strip were included in the assessment and taxation of the operative property of the railroad under "rights of way in Santa Clara County" no taxes were assessed on it as a separate piece until 1927, in which year it was assessed separately at plaintiffs' request. Plaintiffs have paid the taxes since the separate assessment. The respondent introduced records of its tax on operative property as including rights of way in Santa Clara County for the years 1923 to 1927, inclusive.

It has been held that user and improvement of land as a roadbed and right of way "in the manner usual by railroads" and the payment of taxes assessed upon the land as a part of the roadbed and right of way will, even in the absence of a substantial inclosure, satisfy the requirements of adverse possession. (*Daniels* v. *Gualala Mill Co.*, 77 Cal. 300 [19 Pac. 519].) The user of the respondent has met this test.

The evidence supports the finding of the trial court that this user was continuous for over forty years. To interrupt the adverse user the re-entry of the legal title holder must be open, notorious and under claim of right and must equal in dignity and character that required to initiate an adverse possession. (*Armstrong* v. *Payne*, 188 Cal. 585, 597 [206 Pac. 638].) In the case at bar the respondent had openly fenced the land and assumed possession and control over it as a part of its right of way, and had executed a lease therefor which, as early as 1903, came to the attention of the plaintiffs' predecessor in interest. There is no indication in the record that the title of the respondent

was disputed at the time, and from 1912 for a period of six or seven years the respondent's lessee, under the same lease, but having in the meantime leased from the record owner also, cut hay from the strip in question. Thereafter the hay was cut, and in some years the land was plowed and sown by various persons, who entered by a temporary gate in the right of way fence. It is testified by plaintiff Smith himself that this fence was always nailed up again every year, and it is also in evidence that some of those who used this land were questioned as to their right to do so by the section foreman, who understood such use to be permissive and arranged "by the office" of the respondent. It is only in the building of the fence in 1928, long after the prescriptive period had run, that we find an act of the paper title holder which in any way challenges the right of the respondent to control the use of this strip of land.

The judgment is affirmed.

Preston, J., Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.