[Civ. No. 13522.   First Dist., Div. Two.   Oct. 9, 1947.]

RAYMOND ANDRADE, Appellant, v. L. F. CASTEEL, Respondent.

C. B. Wooster for Appellant.

Rankin, Oneal, Luckhardt, Center & Hall for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to real property under a deed of gift; defendant claimed under a lease and option to purchase which he offered to complete. and made tender of the purchase price. The defendant had judgment and plaintiff has appealed on an agreed statement.

On July 1, 1936, Manuel Silva, as owner, leased the land to defendant for a term of five years with option to purchase for $1,000. In 1937, Silva and his wife executed a deed of gift to their minor grandson, plaintiff herein. Manuel Silva died April 3, 1938, and on April 7, a deed from Manuel to his wife Frances was recorded. In April, 1941, Frances Silva renewed the lease to plaintiff for a term of three years under the same terms as the original lease of 1936. Defendant occupied the premises with his family of a wife and five children and expended $1,000 in the construction of roads, buildings, and other permanent improvements.

After the death of Frances Silva in 1944, defendant tendered the full purchase price according to the terms of the lease, but the offer was refused on behalf of the estate and of the donee under the gift deed.

The plaintiff was a minor at the time the gift deed was executed and was in the military service until the spring of 1946, when he reached his majority just before his discharge. It is stipulated that at the time the gift deed was executed he knew that defendant was in actual possession under the lease and knew its terms and particularly the terms of the option to purchase. On the other hand, defendant had no knowledge of the gift deed until after the death of Mrs. Silva in 1944.

Appellant argues that the gift deed vested title in him upon delivery, that thereafter grantors held no more than a life

estate; that all rights of defendant under the lease terminated on the death of Mrs. Silva. *Wilkerson* v. *Seib*, 20 Cal.2d 556 [127 P.2d 904], and similar cases are cited with which no quarrel is suggested.

Respondent rests his case on section 1107 of the Civil Code which has little if any bearing on the question involved. It would seem to follow from the agreed facts that, if respondent took the second lease and option without knowledge of the gift deed the equities would require an affirmance of the judgment. On the other hand, if he should be denied the right to purchase, the equities would require that, before the title was cleared in the plaintiff, the defendant should be reimbursed for the improvements which he made upon the premises, since these were made with the knowledge and consent of the owner, were made under contemplation of purchase, and were permanent improvements on the premises. With due regard for these equities the trial court decreed that the option was still in force and that defendant should have a deed upon his payment to plaintiff of the option price of $1,000.

The judgment finds support in *Smith* v. *Bangham*, 156 Cal. 359, 363 [104 P. 689, 28 L.R.A. N.S. 522]; *Copple* v. *Aigeltinger*, 167 Cal. 706, 710 [140 P. 1073]; *Chapman* v. *Great Western Gypsum Co.*, 216 Cal. 420, 425 [14 P.2d 758, 85 A.L.R. 917]. The principle of these cases is that an option to purchase contained in a lease is a covenant running with the land and that a subsequent purchaser taking with notice of the option takes subject to the right of the option holder to complete his purchase.

Here the donee under the gift deed had knowledge of the preexisting lease and option; he had knowledge that respondent was in possession under the lease and option, and that substantial improvements were made by the lessee in contemplation of his exercise of the option to buy. Under these circumstances he must be presumed to have consented to the improvements in anticipation of respondent's exercise of the option.

Respondent's lack of knowledge of the unrecorded deed is conceded. It was no fault of his that Mrs. Silva was permitted to deal with the land as sole and undisputed owner. Under section 3543 of the Civil Code the appellant by "whose negligence" the trouble arose must be the sufferer. This principle is approved in *Butler* v. *Woodburn*, 19 Cal.2d 420,

425 [122 P.2d 17], where the court said: "Where, as here, the true owner permits another to appear as the owner of the property or as having full power of disposition over it, it is established that an innocent third party who is thus led into dealing with the apparent owner will be protected by a court of equity against the claims of the true owner whose conduct made the fraud possible."

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.